## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                      Case No. 05-12296
                                                              Chapter 13

DAVID GROSBERG,

        Debtor.

## ORDER GRANTING TRUSTEE'S MOTION
## TO DISMISS CASE WITH INJUNCTION AGAINST REFILING

On October 4, 2007, the trustee filed a motion seeking not only the dismissal of this chapter 13 case but also seeking an injunction preventing the debtor from filing another case. The motion was set for hearing in Dothan, Alabama on November 7, 2007. Present at the hearing were the debtor and his counsel, Michael D. Brock, and the trustee's counsel, Sabrina L. McKinney.

Grosberg's amended plan (Doc. #15), which was confirmed on January 23, 2006, provided that the "debtor shall pay any proceeds received from pending lawsuit against Pep Boys to the trustee." Further, the confirmed plan provided for the payment of unsecured claims in full.

The chapter 13 trustee contends that Grosberg settled his cause of action against Pep Boys for over $5,300 but failed to remit any of the settlement proceeds to the trustee as required by the confirmed plan. The trustee maintains that Grosberg's failure to abide by the terms of the confirmed plan warrants dismissal of the case and the imposition of a bar against refiling.

Grosberg admits that his suit against Pep Boys has been settled and that he received over $5300 in settlement proceeds. Further, Grosberg admits that he did not pay those funds to the trustee as required by the plan. Rather, he contends that his wife spent the money. In addition, Grosberg maintains that the lawsuit proceeds represent back wages of which 75% would be exempt under State law.

However, a confirmed plan binds both the debtor and his creditors to the terms

of that plan. *See* 11 U.S.C. § 1327(a). A debtor is not free to volitionally and unilaterally decide to ignore a provision of a confirmed plan. That is exactly the course that Grosberg took. In so doing, he deprived creditors of their rights under the confirmed plan. Accordingly, it is

    ORDERED that the trustee's motion to dismiss this case is GRANTED, and the case is hereby DISMISSED. It is further

    ORDERED that the debtor, David Grosberg, is ENJOINED from filing a bankruptcy petition for relief for a six-month period beginning from the date of this order.

    Done this 8th day of November, 2007.

                                              /s/ Dwight H. Williams, Jr.
                                              United States Bankruptcy Judge

c: David Grosberg, Debtor
   Michael D. Brock, Debtor's Attorney
   Curtis C. Reding, Chapter 13 Trustee